IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
18 MAY -9 AM 8:30
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

| | |
|---|---|
| JASON GERLACH AND MANUEL MAYORAL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, § § § § § PLAINTIFFS, § § V. § § CONN APPLIANCES, INC., CONN'S § INC., AND CONN CREDIT § CORPORATION, INC., § DEFENDANTS. § | CAUSE NO. A-16-CV-00860-LY |

## ORDER AND
## FINAL JUDGMENT

Before the court in the above-styled and numbered class-action case alleging violations of the Telephone Consumer Protection Act, Title 47 United States Code section 227, are Plaintiffs Jason Gerlach and Manuel Mayoral's Plaintiffs' Motion To Dismiss Claims With Prejudice filed April 10, 2018 (Clerk's Document No. 42), Defendants Conn Appliances, Inc., Conn's Inc., and Conn Credit Corp. Inc. (collectively "Conn's") Defendants' Opposition to Plaintiffs' Motion to Dismiss Claims with Prejudice filed April 17, 2018 (Clerk's Document No. 44), and Plaintiffs' Reply in Support of Motion to Dismiss Claims with Prejudice filed May 4, 2018 (Clerk's Document No. 48).

By their motion, "rather than continue with costly protracted certification efforts and additional discovery" Plaintiffs seek to dismiss their claims in this action with prejudice. Conn's responds that as Conn's has engaged "in extensive discovery for over a year-and-a-half," the court should dismiss the case with prejudice as to the named class representatives and without prejudice to the unnamed class members, and allow Conn's to recover its costs from Plaintiffs. Conn's also

responds that it expressly reserves its right to seek attorney's fees by a separate motion. Plaintiffs reply that they agree with Conn's position, except as to the award of costs–Plaintiffs request that the court not award costs to any party.

The court may dismiss an action at a plaintiff's request upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant." *Schwartz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). If a dismissal is without prejudice to the plaintiff, then the later the dismissal is granted, the more likely it is to harm the defendant by subjecting the defendant to the potential of additional litigation expenses. *Id.* The situation is different in the case of a dismissal with prejudice. Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action among the parties. *Id.* Consequently, no matter when a dismissal with prejudice is granted, it does not harm the defendant as the defendant receives all that the defendant would have received had the case been completed. *Id.*

Taxable costs–costs other than attorney's fees–should be awarded to the prevailing party as a matter of course, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d). *See also, Marx v. General Rev. Corp.*, 568 U.S. 371 (2013); *United States v. GSDM Idea City, LLC*, 807 F.3d 125, 128 (5th Cir. 2015). Taxable costs as described by Title 28 United States Code section 1920, are generally limited to relatively minor incidental expenses. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

Plaintiffs commenced this action in July 2016 and Conn's answered. The parties participated in a scheduling conference with the court in June of 2017, after which the court signed a scheduling

order on June 27, 2017. Pursuant to that order, the terms of which the parties' agreed, discovery in this case does not conclude until September 15, 2018, all dispositive motions are due by October 31, 2018, and jury trial is set in the month of April 2019. The court approved the parties' Stipulated Protective Order in October 2017, and Conn's filed motions for summary judgment and an Opposed Motion to Deny Class Certification on March 15, 2018. Plaintiffs filed a Motion For Class Certification on March 30, and on April 10, 2018, moved to dismiss all of their claims.

Having considered the case file, and the parties' agreement, the court will dismiss with prejudice all claims alleged by Plaintiffs Gerlach and Mayoral in their individual capacities. Because dismissal with prejudice is essentially a judgment on the merits, here, the court concludes that Conn's is the prevailing party.

Although Conn's is the prevailing party, Plaintiffs ask the court to consider, *inter alia*, the following reasons to not award costs to Conn's: (1) the losing parties Gerlach and Mayoral's limited financial resources; and (2) the prevailing party Conn's enormous financial resources. *See Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). "The Fifth Circuit has little case law addressing this issue, but in other circuits, '[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party.'" *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2668, at 234 (1998) and listing several factors other courts have considered when denying award of costs to prevailing party). The *Pacheco* court observed that every case cited by *Wright & Miller* for this proposition denies costs to a prevailing party on the basis of *both* the losing party's prosecution of the case in good faith *and* some other one or more of the factors listed.

In reviewing the case file and noting no argument to the contrary, the court concludes that Plaintiffs Gerlach and Mayoral prosecuted the action in good faith. Further, the court finds that Gerlach and Mayoral are both average individual Texans. Conn's by comparison, is a corporation that has been in existence for 20 years, is a publicly traded company on the NASDAQ, and operates approximately 100 retail store locations across the country. Defendant Conn Credit Corp., is a commercial lender, "in the business of funding loans that allow customers to purchase merchandise from Conn Appliances." Additionally, Conn Credit Corp. employs a Vice President and Treasurer for the purpose of "managing the company's capital structure as well as its . . . treasury operations." Conn's also maintains and employs very sophisticated systems, which allow Conn's to easily contact customers who are delinquent in paying their Conn's credit accounts. Conn's has approximately 830 full-time and part-time employees in its collection department alone. The court concludes that Conn's corporate structure and financial resources are significantly greater than Gerlach and Mayoral's resources.

Having considered the motion, the response, the reply, the case file, and the applicable law, and concluding that Gerlach and Mayoral prosecuted this action in good faith, that Conn's corporate and financial resources are significantly greater than Gerlach and Mayoral's resources, and as this action, although filed in July 2016, has not proceeded through the close of the parties' discovery deadline,

**IT IS ORDERED** that Plaintiffs Jason Gerlach and Manuel Mayoral's Plaintiffs' Motion To Dismiss Claims With Prejudice filed April 10, 2018 (Clerk's Document No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiffs Jason Gerlach and Manuel Mayoral's claims alleged in their individual capacities against Defendants Conn Appliances, Inc., Conn's Inc., and Conn Credit Corporation, Inc. in this action are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all claims alleged in this action on behalf of unnamed class members are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants Conn Appliances, Inc., Conn's Inc., and Conn Credit Corporation, Inc.'s request that they recover their costs of court from Plaintiffs Jason Gerlach and Manuel Mayoral is **DENIED.**

**IT IS FURTHER ORDERED** that each party shall bear its own costs of court.

As nothing remains for resolution in the cause, the court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that the case is hereby **CLOSED.**

SIGNED this ___8th___ day of May, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE